UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CC to J. Schwelb

In Re, Tyree & DC Court Of Appeals

U.S. District Judge
R.C. Lamberth

U.S. COURT OF APPEALS FOR
DISTRICT OF COLUMBIA CIRCUIT
JUL 2 5 2005
RECEIVED

05-cv-1149

ORIGINAL

Petitioner Moves
Pursuant To Fed.Rules.Civil Proc. 60(b)

Comes Now, this Pro-se Petitioner, Wardell L. Tyree, whom, in the interest of justice, now seeks to amend the perviously filed caption under 05-cv-1149 (Wardell L. Tyree Vs. United States) should now be changed to, In Re, Tyree & DC Court Of Appeals.

Further, in response to this Courts Memorandam and Order dated June 9th/2005, Petitioner now moves pursuant to Fed.Rule.Civil Proc. 60 (b). Claiming that "As a matter of law" this United States Federal District Court, does have jurisdictional authority to compel the Judges of the DC Court Of Appeals to lawfully perform their respective duties, and adhere to its own rulings.
Mandamus is also available to compel a Judge/or Officer to exercise the discretion which he has erroneously considered himself to lack, see U.S. Vs. Nebbia, 357 F.2d. 303 (C.A.2d.1966). Supplementary-review power is granted to this Federal Court by 28 U.S.C.1651, see Bankers Life Vs. Holland, 346 US. 379, 98 L.Ed. 106, 74 S.ct. 145 (1953) also see DC Code 16-1901 (b).

The Judges on the DC Court Of Appeals are in fact nominated by the U.S. Senate, and are appointed by our President, which makes them

................"Federal Employees", see the difinition of <u>Federal Employee</u> at 5 U.S.C.S. 2105-2107. It is also true that Federal Courts Of Appeal have jurisdiction pursuant to 28 U.S.C. 1651 to issue writs to compel under 1361 to an inferior court, to comply with its own-earlier mandates, see <u>Grant Vs. Hogan</u>, 505 F.2d. 1220 (3d.Cir.1974) and <u>Citibank Vs. Fullmon</u>, 580 F.2d. 82 (3d.Cir.1978).

This pro-se petitioner is well aware of the fact that a Mandamus is an extraordinary remedy, and it is traditionally used only to confine lower courts to lawful exercises of its prescribed jurisdiction/or to compel it to exercise its authority when it is its duty to do so, see <u>In Re, Special Grand Jury</u>, 541 F.2d. 166 (7th.Cir.1976) also see <u>NAACP Vs. Levi</u>, 418 F.Supp. 1109 (DC.DC.1976).

The Petitioner herein, is not collaterally attacking........ through this mandamus, the DC Court Of Appeals earlier decisions. Petitioner is merely asking this Federal District Court to compel the DC Judges;(Schwelb, King, and Washington,) to adhere to that Courts own Order that was entered on 3/24/2004 granting the request to decide-**both briefs in their entirety filed by the defense on direct appeal.**

It is a fact, that the Judges above mentioned, totally evaded several major issues raised in the Pro-se Brief And Its Addendum.

Our U.S. Supreme Court has stated that " a prisoner has **the right to ensure that he is being held in compliance with established law/and within the rules and regulation that have the power of law,** thus, an extraordinary writ will issue where an inferior court fails to comply with its own rulings and or regulations,                347 US. 260, 74 S.ct. 499, 98 L.Ed. 681.

The issues were fairly presented to the DC Court Of Appeals in the Pro-se Brief And Its Addendum, which the DC Court Of Appeal agreed

...............to adjudicate, in its entirety. Those issues are of constitutional magnitude, and if left unresolved, and unexhausted on their merits, it would cause serious prejudice to this petitioner, as it would directly cause petitioner to be **"Procedurally Barred"** from bring a Habeas Corpus pursuant to 28 U.S.C. 2254 to this Federal Court, because the issues are still unexhausted,

Likewise, if this Federal Court refuses to issue the requested writ of mandamus to compel DC Court Of Appeals to comply with its own earlier agreement, entered on 3/24/2004, petitioner **would also be "Procedurally Barred from seeking certiorari from the U.S. Supreme Court"** on these issues that were left unexhausted, because any challenges to a defendants conviction does not qualify as a "Final Judgment" reviewable by the U.S. Supreme Court under 28 U.S.C. 1257 until the issues are adjudicated on the "merits", in the highest appeals court of the State in which a judgment could have been had, see Johnson Vs. California, 158 L.Ed.2d. 697 (2004).

      Hence, these particular issues, **that are the root cause of this unlawfully conviction,** will never be adjudicated if this Federal Court continuously refuses to issue a writ to compel DC Court Of Appeals to comply with its own agreement. See the here attached Court Order, and counsel's motion requesting the Order.

      Moreover, this Pro-se Petitioner has already been warned by the U.S. Supreme Court, that **he may not file a writ of Mandamus "in that Court"** without first seeking relief **"from this Federal Court"** see Wardell L. Tyree Vs. S.G. Milliken, DC Superior Court, No:99-9201, was dismissed without prejudice as premature on 6/12/2000, signed by the Solicitor General, Seth Waxman.

For a determination as to whether the persons to be compelled is an empolyee in a given case, is not committed to the discretion of the agencies involved, but is in fact subjuect to judicial review, see <u>Jankovic Vs. U.S.</u> 384 F.Supp. 1355 (DC.Dis.1974).

This Pro-se Petitioner indeed respects this Courts earlier decision dated 6/9/2005, and the principles embeded therein, however, this petitioner also recognizes that the law allows, only under exceptional circustances, amounting to "judicial usurpation of power" will justify invocation of an extraordinary remedy of Mandamus against a lower Court. Among this Federal Courts consideration of issuance of this writ are: (1)

> the interest of justice and Public reputation of the Court system as a whole,(2) that the partyseeking the writ has no other adequate means to attain the requested relief he desires,(3) he satisfies the burden of showing that his right to issuance is clear and indisputable his, See <u>Kerr Vs. U.S. Dist. Court</u>, 426 US 394

It is clear that:

(1) The request is made in the interest of justice, and if denied,it would cast serious doubt upon the integrity and public reputation of both Courts.

(2) It is clear that this Pro-se litigant can not break the chain of command and it is clearly no other way to compel DC Court Of Appeals to adhere to its own written agreement that was made on 3/24/2004.

(3) It is clear and undisputed that the agreement exist, and it is clear that several major issues presented on direct appeal---in the Pro-se Brief and Its Addendum were evaded/never addressed on their merit, totally overlooked, and unexhausted. It is also clear that this will cause Petitioner to be "Procedurally Barred" from his right to bring a Habeas Corpus pursuant to 28 U.S.C. 2254 to this Federal Court. And if the writ is not immediately issued, Petitioner may very well be "time barred" from filing a Habeas Petition, if it is not done within the one year time frame.

(4) Finally, it is likewise clear that it would be tantamount to a complete "judicial usurpation of power" if this Federal Court were to allow DC Court Of Appeals to simple ignore its own written agreements and/or Orders, so as to evade addressing issues that were fairly presented, and clearly in violation of the laws established by the U.S. Constitution, the U.S. Supreme Court, in violation of Federal Court rulings, and laws that are in direct violation of its own Precedent and prior rulings, see <u>Franklin Vs. U.S.</u> 382 A.2d. 20 (DC.App.) and <u>Franklin, II Vs. U.S.</u> 392 A.2d. 516 (DC.App.1978) <u>Millanovich Vs. U.S.</u> 365 US. 551, 5 L.Ed.2d. 773 (1961)

<u>Sullivan Vs. Louisiana</u>, 508 US. 275, 124 L.Ed.2d. 182 (1992)

<u>In Re, Winship</u>, 25 L.Ed.2d. 368 (1970)

<u>Apprendi Vs. New Jersey,</u> 530 US. 466 (2000)

<u>Blakely Vs. Washington</u>, 124 S.ct. 2531 (2004)

<u>White Vs. U.S.</u> 300 A.2d. 716 (DC.App.)

<u>Carter Vs U.S.</u> 522 F.2d. 666 (DC.Cir.1975)

<u>Kattor Vs. U.S.</u> 840 F.2d. 118 (1st.Cir.1988)

<u>Thompson Vs. Calderon</u>, 120 F.3d. 1045 (9th.Cir.1997)

<u>Stumpf Vs. Mitchell</u>, 125 S.ct. 824 (2005)

It is indeed, "a usurpation of judicial power" to ignore its own agreements/ in an attempt to evade addressing issues that clearly violates all of the above established Precedents of law.

Wherefore all of the herein written reasons inter-alia, petitioner has no other alternative but pray that this Federal Court make the appropriate Order to compel the Judges on DC Court Of Appeals to adhere to its own ruling/that was an agreement, entered on 3/24/2004 so that all the issues raised on petitioner's direct appeal will then be adjudicated that I may proceed further-if need be.
According to our U.S. Supreme Court, the conviction is not final......
until all the issues raised, are adjudicated in the highest Court of the States in which a decision on their merit could have been had <u>Johnson Vs. California</u>,  158 L.ed.2d. 697 (2004)

                   Respectfully Submitted
by *Wardell L. Tyree* # 08338-007
                   U.S.P. Canaan. P.O. Box 300
                   Waymart. P.A. 18472


I *W. L. Tyree* Certify that a copy of this 60 (b) Motion was mailed, postage pre-paid, to the Judges Of DC Court Of Appeals, at 500 Indiana Avenue. N.W. Washington DC 20001, on this date of 6/29/05


I *W. L. Tyree* Certify that the herein written is true and correct pursuant to title 28 U.S.C. 1746.