**District of Columbia Court of Appeals**

FILED
MAR 24 2004
DISTRICT OF COLUMBIA
COURT OF APPEALS

Nos. 98-CF-1301 & 02-CO-27

WARDELL L. TYREE,

                                 Appellant,

v.                                          F9514-96

UNITED STATES,

                                 Appellee.

BEFORE: Schwelb and Reid, Associate Judges, and Kern, Senior Judge.

### ORDER

On consideration of the motion of counsel for appellant for permission to file appellant's *pro se* brief, in addition to the one to be filed by counsel, or in the alternative, to withdraw, it is

ORDERED the motion is granted to the extent that counsel shall, within 15 days from the date of this order, file both counsel's brief, not to exceed 50 pages, and the *pro se* brief of appellant, not to exceed 59 pages. The brief of appellee shall be due 30 days thereafter.

PER CURIAM

Copies to:

David C. Gray, Esquire
4521 Sangamore Road, # 203
Bethesda, MD 20816

John R. Fisher, Esquire
Assistant United States Attorney

jb

*[Handwritten annotations:]*

"I would have never given this attorney consent to represent my interest in this appeal – if the court had not When along with this agreement."

"After I gave consent to the attorney" The Court has refused to keep with this agreement"

DISTRICT OF COLUMBIA COURT OF APPEALS
Criminal Division

WARDELL TYREE,
Appellant,

v.

UNITED STATES,
Appellee.

Appeal Nos. 98-CF-1301 & 02-CO-27
Superior Court No. F-9514-96

## MOTION TO ALLOW APPELLANT'S PRO-SE BRIEF AND AMENDMENT THERETO TO BE FILED WITH APPELLANT'S COUNSELED BRIEF, AND FOR A FIVE DAY EXTENSION OF TIME IN WHICH TO ACCOMPLISH SAID FILING, OR IN THE ALTERNATIVE, FOR LEAVE TO WITHDRAW

NOW COMES Counsel for Appellant, who moves this Honorable Court to allow Appellant's pro-se brief and amended amendment thereto to be filed with Appellant's counseled brief, and for a five day extension of time in which to accomplish said filing, or in the alternative, for leave to withdraw, and states in support thereof as follows:

1) That Counsel for Appellee objects to this Motion;

2) That Counsel for Appellant is the fifth Counsel to represent Appellant in these matters;

3) That Appellant's brief in this matter is currently due March 16, 2004;

4) That Appellant has been and remains an extremely active pro-se litigant;

5) That Appellant prepared a pro-se brief, and a pro-se amendment thereto, which he forwarded to this Honorable Court in February 2002 and March 2002,

respectively, as well as an amended amendment in March 2004, none of which were accepted as filed by the Clerk;

6) That after full consultation with Counsel, and review of the brief prepared by Counsel on his behalf, Appellant has requested Counsel to withdraw from representation in this appeal, to facilitate Appellant's self-representation, and the filing of his pro-se pleadings, which Appellant considers paramount;

7) That Appellant has indicated his consent, indeed his preference, to continued representation and the filing of the counseled brief, but only if accompanied by his pro-se pleadings for purposes of substantive review on appeal;

8) That Appellant has instructed Counsel not to file the counseled brief unless so accompanied;

9) That filing of Appellant's counseled brief of 45 pages accompanied by said pro-se pleadings of 59 pages, would violate D.C.C.A. Rule 32(a)(6), as revised January 2, 2004, strictly limiting briefs to 50 pages in length;

10) That as this appeal was pending prior to January 2, 2004, this Honorable Court retains discretion, pursuant to Clause 5 of the General Order of December 2, 2003 implementing said revised rule, to apply the earlier applicable rule;

11) That the earlier applicable rule was D.C.C.A. Rule 28(g), which gave the Court, when in the interest of Justice, discretion to waive said page limitation;

12) That in an effort to satisfy the concerns of Appellant, and in recognition of Appellant's interest in self-representation and right to counsel, and in recognition of the assistance that a counseled brief offers the Court in the administration of Justice, and to promote the interest of Justice and overall judicial economy, Counsel respectfully requests that this Honorable Court apply D.C.C.A. Rule

28(g), as in effect on December 2, 2003, to this unusual situation and waive the page limitation therein.

WHEREFORE, Counsel for Appellant Wardell Tyree, moves this Honorable Court for application of D.C.C.A. Rule 28(g), as in effect on December 2, 2003, and for waiver of the page limitation therein, to permit the joint filing of Appellant's counseled brief together with his pro-se brief and amended amendment thereto, and for a five day extension of time in which to accomplish said filing, or in the alternative, for leave to withdraw, to facilitate Appellant's self-representation, and the filing of his pro-se pleadings.

Respectfully submitted,

David C. Gray
#393023
Appointed by this Honorable Court
4521 Sangamore Road, #203
Bethesda, MD 20816
(301) 320-8701

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above Motion was served by me, first class postage pre paid, on Counsel for Appellee, AUSA Appellate Division, 555 4th Street, NW, Washington, DC 20530, this 11th day of March, 2004.

David C. Gray

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

WARDELL L. TYREE
    Petitioner
    Vs

UNITED STATES
    Respondent

U.S.D.C. No: 05-CV-1149

A WRIT OF MANDAMUS
28. U.S.C. 1361 (b)

    Comes now, this Pro-se Petitioner, Wardell L. Tyree, whom in the interest of justice, files this Writ, seeking an Order from this Honorable Court to compel the Judges and Officers of the Superior Court to perform their judicial duty.

    This U.S. District Court has original jurisdiction of any action in the nature of Mandamus to compel an Officer of the Court, or an employee of the United States or (any) agency thereof to perform a duty that is owed to the movant, petitioner, or citizens in his jurisdiction, as this Federal Court has jurisdictional control of the District of Columbia Court.

Where it is claimed that a Federal Federal or Official is acting contrary to the Federal Constitution, it's laws and or Statutes, or has abused their discretion and acting outside the limits of their (permissible discretion) and when their official conduct extends beyond any (rational exercise) of discretion, this writ of mandamus shall afford the appropriate judicial relief, see <u>N.A.A.C.P. Vs. Levi</u>, 418 F.Supp. 1109 (D.C.D.C. 1976)

This Federal Court must review the D.C. Court of Appeals (actual) on the record reasonings for ignoring a prisoner's constitutional claims, because a prisoner has a right to ensure that he is being held in compliance with U.S. Supreme Court Precedent, Federal Laws and Statutes that have the power and effect of Congressional intent, thus, this writ of Habeas Corpus --in absence of D.C. Code 16-1901, should be issued, see Lewis Vs. Stempson, 737 F.Supp. 667,668, (D.D.C. 1980) Also Grier Vs. Palmer, 113 WLR 2449-Superior Court: Christian Vs. U.S. 394 A.2d. 1, (DC.App.1978).

This Pro-se Petitioner, seeking to prevent a complete miscarriage of justice is hereby requesting that this Federal District Court compel the DC. Court Of Appeals panel of Judges: Schwelb, Washington, and Senior Judge King, to make a Summary Judgment on all of the issues presented in the pro-se brief on direct appeal No: 98-CF-1301 which was consolidated with case number 02-CO-27, and decided on 1/24/2005.

If the issues presented to the DC Court of Appeals panel are left unexhausted, unresolved, and unadjudicated, it would not only amount to a denial of due-process, and redress, but it would also cause future prejudice and force petitioner into a "Procedural Bar" .....

As it now stands, petitioner can not bring those unexhausted, unresolved unadjudicated issues to this Federal Court pursuant to title 28 U.S.C. 2254 (d)(1) and he is also Barred from seeking Certiorari from the U.S. Supreme Court because that Court has no jurisdiction to hear any issues not previously adjudicated by the highest Court of the State in which a decision could have been had, as is required by 28 U.S.C. 1257.

Moreover, according to a recent decision by our U.S. Supreme Court, in the case of Johnson Vs. California, 158 L.Ed.2d. 696,700, (2004) "any unexhausted unresolved challenges on the merits to a criminal defendants conviction or sentence does not qualify as a final judgment without a summary judgment on

-2-

............the merits of the issues raised.

Here, in the instant case, it is clear that "Mandamus Relief" is warranted where the DC Court of Appeals has repeatedly refused to address the issues as presented in the pro-se brief on direct appeal. (ignoring its own "Order" dated Mar,24/04) . It is likewise clear that because DC Court Of Appeals continues to side-step the issues and their merit, it has caused petitioner to come to this Federal Court seeking relief.

In short, petitioner is only asking this Federal Court to compel the DC Court Of Appeal to make a summary judgment on the issues raised, eluded, and-or mis-construed : because that Court's silence on the issues has forced petitioner into a unadjudicated limbo-"Procedural Bar".

## PROCEDURAL HISTORY

On or bout March 11/2004 a Court appointed Counsel (David C. Gray) filed a motion in the DC Court Of Appeals requesting that the Court allow the pro-se appellant brief/and its amendment to be filed along with Counsel's own appellant brief. See Counsel's Motion here attached. Exhibit 1-
While recognizing the amount of pages involved, and the rules applicable, the DC Court Of Appeals still granted Counsel's motion to consider both briefs in their entirety. (that Order is here attached. Exhibit 2
However, on a later date, and unbeknownst to this petitioner, the Court appointed Counselor was called upon to give oral arguments before the Court OF Appeals on January 14/2005.

Because Counsel had repeatedly refused to adopt the issues presented in the pro-se brief and it amendment, <u>Counsel only argued in support of his own brief</u>, hence it is said that petitioner was not represented on direct appeal...
On Feb,01/2005 petitioner learned that Oral Arguments were made by Counsel,

-3-

...........and that the aboved named panel of Judges had affirmed the conviction and sentence--based largely on the issues raised in Counsel's brief (a surface brief that was only allowed in conjunction with the pro-se brief) see Counsel's motion at # 6 & # 8 at exhibit 1.

As this petitioner is now "Procedurally Barred" from raising these unexhausted issues in this Federal Court pursuant to title 28 U.S.C. 2254, and is likewise barred from seeking certiorari from the U.S. Supreme Court for the same reasons, it is prayed that this Federal Court (in the interest of justice) compel the DC Court Of Appeals to make a summary judgment on each of the issues earlier mis-construed or eluded, and unexhausted, that were presented to that court, in the pro-se brief on direct appeal.

A summary of the issues still unadjudicated are here attached.

Petitioner avers that the issues unexhausted are of constitutional magnitude, and the panels rulings are contrary to this Federal Courts holdings, and the rulings are contrary to U.S. Supreme Courts holdings,,, and some of its rulings are even contrary to "its own earlier holdings."

Petitioner has already requested reconsideration pursuant to Fed. Rules. civil proc, 60 (b) and for sua-sponte review for "Plain Error" pursuant to Fed. Rules Crim, Pro, 52 (b) .... that motion ( here attached) was denied on FEB, 14/2005, see **Exhibit 3**.

On FEB,23rd/2005, petitioner mailed a motion "to Stay The Mandate Seeking a Summary Judgment on the unexhausted unresolved issues, that motion was also denied on March 22/2005. This Pro-se petitioner has diligently and persistently petitioned the DC Court Of Appeals to resolve the unexhausted issues. Further, it should be noted that the U.S. Supreme Court has just stated that "this Federal Court" now has the discretion to "Stay the time for filing a 2254 if the habeas petition contains both-exhausted and unexhausted claims, see Rhines Vs. Weber, No:03-9046, decided 3/30/2005.

-4-

## CONCLUSION

Wherefore all of the herein written reasons inter-alia, this pro-se petitioner request that this Federal Court Stay The Time Limit for filing a habeas petition under title 28 U.S.C. 2254 in this case, and compel the DC Court Of Appeals to resolve the unexhausted issues, so as to remove the "Procedural Bar" now erected to pervent this petitioner from seeking relief in this Federal Court or the U.S. Supreme Court.

Respectfully Submitted
By _Wendell L. Tyree_ # 08338-007
U.S.P. Canaan, P.O. Box 300
Waymart, P.A. 18472


I _W. L. Tyree_ Certify that a true copy of this Mandamus was mailed, postage pre-paid to the Clerk for the DC Court Of Appeals, on this date of _____


I _W. L. T._ Certify that the herein written is true and correct pursant to title 28 U.S.C. 1746.

-5-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Wardell L. Tyree, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| United States, | ) | |
| | ) | 05 1149 |
| Respondent. | ) | |

FILED

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM

This matter is before the Court on review of petitioner's *pro se* application for a writ of mandamus and motion to proceed *in forma pauperis*. The motion to proceed *in forma pauperis* will be granted and the case dismissed for lack of subject matter jurisdiction.

Petitioner seeks a writ of mandamus to compel the Superior Court of the District of Columbia and the District of Columbia Court of Appeals to perform certain judicial acts. This Court is not a reviewing court and lacks jurisdiction to compel another court to act. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995). Moreover, this Court's mandamus authority extends only to "officer[s] or employee[s] of the United States or any agency thereof . . . ." 28 U.S.C. § 1361. A separate Order of dismissal accompanies this Memorandum.

/s/ Roger C. Lamberth
United States District Judge

Date: 5/25/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wardell L. Tyree,            )
                             )
        Petitioner,          )
                             )
    v.                       )    Civil Action No.   05 1149
                             )
United States,               )
                             )
        Respondent.          )

FILED

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

For the reasons stated in the accompanying Memorandum, it is this __25th__ day of May 2005,

ORDERED that the motion to proceed *in forma pauperis* [# 2] is GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED with prejudice for lack of subject matter jurisdiction.

_____
United States District Judge