UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 15 2005
CHAMBERS OF
JUDGE LAMBERTH
unassigned

" JUDICIAL NOTICE "

In Re. Tyree, & The District Of Columbia Court Of Appeals

Civil Action / Writ Of Mandamus
No:05-1149
(R.C. Lamberth)


This "Judicial Notice" from the Petitioner, Wardell L. Tyree, to this U.S. District Court, is written to remind the Honorable Chief Judge of what the Legislatures intent was while drafting 28 U.S.C. 1651 and 28 U.S.C. 1361 (b) writs of scire-facias, and the paramount importance of an "expeditious resolve" .

The language of the "first judicial act" 1 Stat 81, 82, (1782) section 14 gave authority to this Court, and all Courts of the United States to issue writs of scire-facias ( Habeas Corpus)  AND ALL OTHER WRITS, such as 28 U.S.C. 1361, and writs not specially provided for by Statute..... which maybe necessary for the exercise of their respective jurisdiction-and agreeable to the principles of law. Carbo Vs. U.S. 5 L.Ed.2d.329, quoting Ex-Parte Ballman, 4 Cranch 75, 2 L.Ed. 554 (1807) .

It shall be noted that, on or about June 29/2005, this petitioner filed a **60 (b) Motion** in this District Court, challenging the integrity and veracity of Judge R.C. Lamberth's "Memorandum and Order" here attached.
The **60 (b) Motion** has now layed dormant in this Court for more than 60 days. That **60 (b) Motion** is in relation to the extraordinary Writ Of Mandamus .

The Writ Of Mandamus aforementioned, was filed in this U.S. District Court, in the interest of of justice, seeking to comple the Federally appointed Judges of the <u>District Of Columbia Court Of Appeals</u> to adhere "<u>to its own rules</u>", Precedents, regulations, <u>and its own "Court Order" here attached</u>, agreeing to summarily adjudicate this petitioner's Pro-se Filed Brief <u>and its "Addendum"</u> on direct Appeal No:98-CF-1301/02-CO-27. Subsequent to that Order, however, the DC Court Of Appeals inadvertently overlooked the entire "Addendum" attached to the Pro-se Filed Brief, and has since, repeatedly ignored attempts to recognize the apparent error. This unwarranted delay in enforcement of the Mandamus,,, where it is clear this Court has authority to do so, is causing serious perjudice to this petitioner. (1) Enforcement of this writ of mandamus would be tantamount to "a writ of ad-subjiciendum for an inquiry into the cause of restraint. (2) If this delay in enforcement of the writ of mandamus is continued, this petitioner will be "Procedurally Barred" from bring those..inadvertently overlooked, unexhausted issues to this Federal Court pursuant to title 28 U.S.C. 2254, (3) and a continued delay ofanything close to 90 days will cause this petitioner to be "Time Barred" from the filing of a 2254 in this Court, if a "Stay Order" is not issued from this Court shortly.

Wherefore all of the herein written reasons, inter-alia, this petitioner prays that the Honorable Chief Judge of this U.S. District Court recognize the paramount timing for resolve of this writ, so as to not further perjudice this petitioner in his efforts to bring a timely 2254, if necessary.

                                          Respectfully Submitted
                                          by <u>Wardell L. Tyree</u> #08338-007
                                          U.S.P. Canaan. P.O. Box 300
                                          Waymart. P.A. 18472
                                          On this date of <u>9/9 /05</u>

cc to
Chief Judge;
U.S.C.A.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wardell L. Tyree, )
      Petitioner, )
)
v. ) Civil Action No.: 05 1149
)
United States, )
)
      Respondent. )

FILED
JUN - 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

For the reasons stated in the accompanying Memorandum, it is this 25th day of May 2005,

ORDERED that the motion to proceed *in forma pauperis* [# 2] is GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED with prejudice for lack of subject matter jurisdiction. ?

_____
United States District Judge

Jurisdiction = 28 U.S.C 1651 to enforce 28 U.S.C 1361 over Federally appointed judges on Panel of DC court of appeals

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wardell L. Tyree,                )
                                 )
         Petitioner,             )
                                 )
   v.                            )    Civil Action No.
                                 )
United States,                   )
                                 )         05 1149
         Respondent.             )

FILED
JUN - 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM

This matter is before the Court on review of petitioner's *pro se* application for a writ of mandamus and motion to proceed *in forma pauperis*. The motion to proceed *in forma pauperis* will be granted and the case dismissed for lack of subject matter jurisdiction.

Petitioner seeks a writ of mandamus to compel the Superior Court of the District of Columbia and the District of Columbia Court of Appeals to perform certain judicial acts. This Court is not a reviewing court and lacks jurisdiction to compel another court to act. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995). Moreover, this Court's mandamus authority extends only to "officer[s] or employee[s] of the United States or any agency thereof . . . ." 28 U.S.C. § 1361. A separate Order of dismissal accompanies this Memorandum.

　　　　　　　　　　　　　　　　　　　/s/ Roger C. Lamberth
　　　　　　　　　　　　　　　　　　　United States District Judge

Date: 5/25/05

*District of Columbia*
*Court of Appeals*

**FILED MAR 2 4 2004**
DISTRICT OF COLUMBIA
COURT OF APPEALS

Nos. 98-CF-1301 & 02-CO-27

WARDELL L. TYREE,

          Appellant,

v.                 F9514-96

UNITED STATES,

          Appellee.

BEFORE: Schwelb and Reid, Associate Judges, and Kern, Senior Judge.

## ORDER

On consideration of the motion of counsel for appellant for permission to file appellant's *pro se* brief, in addition to the one to be filed by counsel, or in the alternative, to withdraw, it is

ORDERED the motion is granted to the extent that counsel shall, within 15 days from the date of this order, file both counsel's brief, not to exceed 50 pages, and the *pro se* brief of appellant, not to exceed 59 pages. The brief of appellee shall be due 30 days thereafter.

PER CURIAM

Copies to:

David C. Gray, Esquire
4521 Sangamore Road, # 203
Bethesda, MD 20816

John R. Fisher, Esquire
Assistant United States Attorney

jb

DISTRICT OF COLUMBIA COURT OF APPEALS
Criminal Division

WARDELL TYREE,
Appellant,

v.   Appeal Nos. 98-CF-1301 & 02-CO-27
     Superior Court No. F-9514-96

UNITED STATES,
Appellee.

### MOTION TO ALLOW APPELLANT'S PRO-SE BRIEF AND AMENDMENT THERETO TO BE FILED WITH APPELLANT'S COUNSELED BRIEF, AND FOR A FIVE DAY EXTENSION OF TIME IN WHICH TO ACCOMPLISH SAID FILING, OR IN THE ALTERNATIVE, FOR LEAVE TO WITHDRAW

NOW COMES Counsel for Appellant, who moves this Honorable Court to allow Appellant's pro-se brief and amended amendment thereto to be filed with Appellant's counseled brief, and for a five day extension of time in which to accomplish said filing, or in the alternative, for leave to withdraw, and states in support thereof as follows:

1) That Counsel for Appellee objects to this Motion;

2) That Counsel for Appellant is the fifth Counsel to represent Appellant in these matters;

3) That Appellant's brief in this matter is currently due March 16, 2004;

4) That Appellant has been and remains an extremely active pro-se litigant;

5) That Appellant prepared a pro-se brief, and a pro-se amendment thereto, which he forwarded to this Honorable Court in February 2002 and March 2002,

respectively, as well as an amended amendment in March 2004, none of which were accepted as filed by the Clerk;

6) That after full consultation with Counsel, and review of the brief prepared by Counsel on his behalf, Appellant has requested Counsel to withdraw from representation in this appeal, to facilitate Appellant's self-representation, and the filing of his pro-se pleadings, which Appellant considers paramount;

7) That Appellant has indicated his consent, indeed his preference, to continued representation and the filing of the counseled brief, but only if accompanied by his pro-se pleadings for purposes of substantive review on appeal;

8) That Appellant has instructed Counsel not to file the counseled brief unless so accompanied;

9) That filing of Appellant's counseled brief of 45 pages accompanied by said pro-se pleadings of 59 pages, would violate D.C.C.A. Rule 32(a)(6), as revised January 2, 2004, strictly limiting briefs to 50 pages in length;

10) That as this appeal was pending prior to January 2, 2004, this Honorable Court retains discretion, pursuant to Clause 5 of the General Order of December 2, 2003 implementing said revised rule, to apply the earlier applicable rule;

11) That the earlier applicable rule was D.C.C.A. Rule 28(g), which gave the Court, when in the interest of Justice, discretion to waive said page limitation;

12) That in an effort to satisfy the concerns of Appellant, and in recognition of Appellant's interest in self-representation and right to counsel, and in recognition of the assistance that a counseled brief offers the Court in the administration of Justice, and to promote the interest of Justice and overall judicial economy, Counsel respectfully requests that this Honorable Court apply D.C.C.A. Rule

28(g), as in effect on December 2, 2003, to this unusual situation and waive the page limitation therein.

WHEREFORE, Counsel for Appellant Wardell Tyree, moves this Honorable Court for application of D.C.C.A. Rule 28(g), as in effect on December 2, 2003, and for waiver of the page limitation therein, to permit the joint filing of Appellant's counseled brief together with his pro-se brief and amended amendment thereto, and for a five day extension of time in which to accomplish said filing, or in the alternative, for leave to withdraw, to facilitate Appellant's self-representation, and the filing of his pro-se pleadings.

Respectfully submitted,

David C. Gray
#393023
Appointed by this Honorable Court
4521 Sangamore Road, #203
Bethesda, MD 20816
(301) 320-8701

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above Motion was served by me, first class postage pre paid, on Counsel for Appellee, AUSA Appellate Division, 555 4th Street, NW, Washington, DC 20530, this 11th day of March, 2004.

David C. Gray