# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-5392**                                      **September Term, 2005**

05cv01149



Tyree L. Wardell
    Appellant,

v.

United States of America,
    Appellee

FILED   JUN 2 7 2006

CLERK

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**   Ginsburg, Chief Judge, and Henderson and Garland, Circuit Judges

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed September 30, 2005, be affirmed. The district court did not abuse its discretion in denying reconsideration of its order denying mandamus relief. The district court properly dismissed appellant's petition for lack of subject matter jurisdiction because the district court's mandamus authority extends only to federal officers or agencies under 28 U.S.C. § 1361. To the extent the petition sought federal habeas relief, appellant may not challenge his District of Columbia conviction in federal court unless his remedy under D.C. Code Ann. § 23-110(g) is inadequate or ineffective to test the legality of his detention. See, e.g., Blair-Bey v. Quick, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998). The § 23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied. See Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986). Aside from federal habeas review, federal district courts generally lack jurisdiction to review or modify the judicial decisions by state and District of Columbia courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22, 1526 & n.8 (The Rooker-Feldman doctrine is applicable to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 05-5392**                              **September Term, 2005**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**